# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

BRIAN CRAWFORD,

              Plaintiff,

v.

ARBELLA INSURANCE COMPANY,

              Defendants.

C. A. No. 2004-_____

# 04-11621 JLT

MAGISTRATE JUDGE _Collings_

FILING FEE PAID:
RECEIPT # _57471_
AMOUNT $ _150.00_
BY DPTY CLK _E.S_
DATE _07/21/04_

## COMPLAINT

### Count I
### FLSA Collective Action Claim

1.    Defendant Arbella Insurance Company ("Arbella") has since at least February 19, 2000 willfully violated the Fair Labor Standards Act, 29 U.S.C. §§201 *et seq.* ("FLSA"), by failing to pay Plaintiff Brian Crawford and all other persons employed by it as Auto Damage Appraisers time and one-half their regular rates of pay for all hours worked in excess of 40 per week. Such individuals have been classified by Defendant as exempt from the provisions of the FLSA, while at the same time being assigned by Defendant to perform duties inconsistent with exempt status.

2.    This Count is brought as a collective action pursuant to 29 U.S.C. §216(b), on behalf of Plaintiff and all other persons who are or have been employed by Defendant anywhere in the United States as Auto Damage Appraisers between July 21, 2001 and the date of final

disposition of this action (the "FLSA Class Period"). Plaintiff and all such similarly situated

persons are hereinafter referred to jointly as "the FLSA Class" or "the FLSA Class Members."

The members of the FLSA Class are similarly situated because they all perform the same basic

duties and assignments, and all are subject to Defendant's common policy and practice of

classifying all its Auto Damage Appraisers as exempt from the provisions of the FLSA.

### Jurisdiction and Venue

3.      This Court has jurisdiction over the subject matter of Count I pursuant to 28

U.S.C. §1331 and 29 U.S.C. §216(b).

4.      Defendant has its principal place of business in this district, such that it is

subject to personal jurisdiction here. Venue is proper in this district pursuant to 28 U.S.C.

§1391(b), because the Defendant resides in and is subject to personal jurisdiction in this

district.

5.      Defendant is engaged in interstate commerce.

### Parties

6.      Plaintiff is a resident of Pembroke, Massachusetts. Between May of 2001 and

January of 2004, he was employed as an Auto Damage Appraiser by Defendant.

7.      On information and belief, Defendant is a corporation organized under the laws

of Massachusetts. During the Class Period, Defendant has regularly transacted business in

this district.

### Individual Allegations

8.      During the FLSA Class Period, the job of Plaintiff has been to:

2

(a)    inspect vehicles subject to claims on automobile insurance policies issued by Defendant to identify which portions of the vehicle were damaged in an accident;

(b)    determine whether such parts should be repaired or replaced, and if replaced, what replacement parts should be used, all in accord with Defendant's policies, guidelines, and practices;

(c)    estimate the labor time necessary to repair any damaged parts in accord with Defendant's policies, guidelines, and practices; and

(d)    enter such information into a computer supplied and programmed by Defendant, which then provided an appraisal of the total amount necessary to repair or replace the damaged portions of the vehicle.

9.    Plaintiff's primary duty was to appraise damaged vehicles subject to an Arbella insurance policy and estimate the cost to repair such damage. Once completing his appraisal, Plaintiff would transmit this information to a Claims Adjuster, who would then assume responsibility for handling the claim.

10.    In cases where repairing the vehicle was impossible or not cost effective, Plaintiff would gather factual information concerning the damaged vehicle's value and transmit this information to a Claims Adjuster.

11.    Whether the vehicle was to be repaired or replaced, once Plaintiff transmitted the necessary information to a Claims Adjuster, it was the responsibility of the Claims Adjuster to resolve the claim.

3

12.    Plaintiff did not resolve questions of fault, liability, or coverage with respect to automobile damage claims.

13.    Plaintiff did not decide whether to make payment on a claim, or if a payment was to be made, the amount of the payment.

14.    Plaintiff was not responsible for setting company reserves for any claim.

15.    Plaintiff was not responsible for determining the scope of any personal injuries of any claimant or insured subject to an Arbella insurance policy or for preparing damage estimates for such personal injuries.

16.    Plaintiff was not responsible for determining whether a claimant or insured was entitled to a rental car during the time that repairs to the damaged vehicle were being performed.

17.    Plaintiff had no authority to negotiate with any Arbella insured or claimant regarding the amount of indemnity Defendant should pay to replace any vehicle that was damaged such that its repair was either impossible or not cost effective.

18.    Plaintiff exercised little, if any, discretion or independent judgment in carrying out his duties for Defendant.  The appraisals which Plaintiff created during the course of his work for Defendant were done pursuant to strict guidelines provided by Defendant.

19.    Although Plaintiff was guaranteed an annual salary, he was paid compensation in addition to his salary in many weeks, regardless of whether the total number of hours he worked in those weeks exceeded 40.

4

20.    Plaintiff did not supervise two or more persons. Plaintiff had no management or administrative responsibilities, and was responsible only for his own work. The duties of the Plaintiff did not require knowledge of an advanced type in a field of service or learning customarily acquired by a prolonged course of specialized intellectual instruction and study.

21.    The primary duty of the Plaintiff did not consist of either performance of office or managerial work directly related to Defendant's management policies or general business operations or those of its customers.

22.    During the FLSA Class Period, Plaintiff regularly worked substantially in excess of 40 hours per week.

23.    During the FLSA Class Period, Defendant did not pay Plaintiff time and one-half his regular hourly rate for any hours in excess of 40 worked in any workweek.

### FLSA Collective Action Allegations

24.    The duties, authority, responsibilities and business activities of the FLSA Class Members were essentially the same as the duties, authority, responsibilities and activities of the Plaintiff described above. At all times during the FLSA Class Period, all of the FLSA Class Members were paid in the same manner and under the same standard employment procedures and practices as the Plaintiff.

25.    The FLSA Class Members were all subject to the same unlawful policy or plan of the Defendant as the Plaintiff, under which they were classified as exempt from the provisions of the FLSA, while at the same time assigned duties that were inconsistent with exempt status.

5

26.    During the FLSA Class Period, Defendant was aware of the duties performed by the Plaintiff and the FLSA Class. Defendant also was aware that the duties of Plaintiff and the FLSA Class Members were inconsistent with exempt status, and that such persons were and are not exempt from the overtime provisions of the FLSA.

27.    By its conduct, as set forth herein, the Defendant violated 29 U.S.C. §207(a) by failing to pay the FLSA Class time and one-half their regular hourly rates for hours worked in excess of 40 hours during a workweek.

28.    The Defendant's violations of 29 U.S.C. §207(a) were repeated, willful and intentional.

29.    The Plaintiff and the FLSA Class Members have been damaged by said violations of 29 U.S.C. §207(a).

30.    Pursuant to 29 U.S.C. §207(a) and §216(b), Defendant is liable to the Plaintiff and the FLSA Class Members for the full amount of all their unpaid overtime compensation, plus an additional equal amount as liquidated damages, plus their attorneys fees and costs.

31.    While the exact number of members of the FLSA Class is unknown to Plaintiff at the present time, Plaintiff believes that at least 75 similarly situated persons are or have been employed by Defendant as Auto Damage Appraisers in Massachusetts and other states since July 21, 2001. Thus, a collective action is the most efficient mechanism for resolution of the claims of the FLSA Class.

32.    In addition, an action under 29 U.S.C. §216(b) is superior to other available methods for the fair and efficient adjudication of this controversy since the damages suffered

by individual members of the FLSA Class may be relatively small, and the expense and burden of individual litigation would make it impossible for such persons individually to redress the wrongs done to them. Further, because of the similarity of the FLSA Class Members' claims, individual actions would present the risk of inconsistent adjudications subjecting Defendant to incompatible standards of conduct.

33.    Annexed hereto as Exhibit 1 is a written consent to the filing of this Complaint duly executed by the Plaintiff pursuant to 29 U.S.C. §216(b).

34.    Plaintiff is currently unaware of the identities of all the members of the FLSA Class. Accordingly, Defendant should be required to provide to the Plaintiff a list of all persons employed by Defendant as Auto Damage Appraisers since July 21, 2001, stating their last known addresses and telephone numbers, so that Plaintiff can give such persons notice of the pendency of this action and an opportunity to make an informed decision about whether to participate in it.

## Count II
## Massachusetts Law Class Action Claim

35.    Plaintiff hereby incorporates and realleges the allegations contained in paragraphs 1 through 34, above.

36.    In this Count, Plaintiff brings a separate cause of action pursuant to Fed. R. Civ. P. 23 on behalf of all persons who worked for Defendant as Auto Damage Appraisers in Massachusetts between July 21, 2002 and the date of trial or resolution of this action (the "Rule 23 Class Period").

7

37.    Since at least the 1960's, it has been the public policy and law of the Commonwealth of Massachusetts, that ". . . no employer in the commonwealth shall employ any of his employees . . . for a work week longer than 40 hours, unless such employee receives compensation for his employment in excess of 40 hours at a rate not less than one and one-half times the regular rate at which he is employed. . . ." (Mass. Gen. Laws, Ch. 151, §1A).

38.    Mass. Gen. Laws Ch. 151, §1B provides that employers who willfully or with reckless indifference to the rights of their employees fail to pay the overtime wages required by Ch. 151, §1A shall be liable in a civil action brought by an aggrieved employee for three times the unpaid overtime wages owed by the employer.

39.    During the Rule 23 Class Period, Defendant has violated Massachusetts law by failing to pay Plaintiff time and one-half their regular rate of pay for all hours in excess of 40 hours which he worked within a workweek.

40.    Pursuant to Fed. R. Civ. P. 23, Plaintiff brings this claim under Massachusetts law on behalf of himself and on behalf of all others employed by the Defendant as Auto Damage Appraisers in Massachusetts during the Rule 23 Class Period. Plaintiff and all such similarly situated persons are hereinafter referred to jointly as "the Massachusetts Class" or "the members of the Massachusetts Class." The members of the Massachusetts Class are similarly situated because they all have the same responsibilities and authority and perform the same basic duties, and are all subject to Defendant's common policy and practice, implemented throughout the Commonwealth of Massachusetts, of wrongfully classifying Auto Damage Appraisers as exempt from the provisions of M.G.L. c. 151, §1A.

8

## Jurisdiction

41.    This Court has jurisdiction over Count II pursuant to 28 U.S.C §1367.

## Massachusetts Claim Allegations

42.    The duties, responsibilities, authority and activities of the Massachusetts Class were essentially the same as the duties, responsibilities, authority and activities of the Plaintiff described above. At all times during the Rule 23 Class Period, all members of the Massachusetts Class were paid in the same manner and under the same standard employment procedures and practices as the Plaintiff.

43.    The Plaintiff and the members of the Massachusetts Class were all subject to the same unlawful policy or plan of Defendant under which they were classified as exempt from the provisions of M.G.L. c. 151, §1A, despite the fact that such persons were assigned duties inconsistent with exempt status.

44.    During the Rule 23 Class Period, Defendant was aware of the duties, responsibilities, authority and activities performed by the Plaintiff and the Massachusetts Class throughout the Commonwealth of Massachusetts. Defendant also was fully aware that such responsibilities, authority, duties and activities of Plaintiff and the members of the Massachusetts Class were inconsistent with exempt status, and that such persons were and are not exempt from the overtime provisions of M.G.L. c. 151, §1A.

45.    By its conduct, as set forth herein, the Defendant violated M.G.L. c. 151, §1A by failing to pay Plaintiff and the Massachusetts Class time and one-half their regular hourly rates for hours worked in excess of 40 hours during a workweek.

9

46.    The Defendant's violations of M.G.L. c. 151, §1A were repeated, willful and intentional.

47.    The Plaintiff and the members of the Massachusetts Class have been damaged by said violations of M.G.L. c. 151, §1A.

48.    Pursuant to M.G.L. c. 151, §§1A and 1B, Defendant is liable to the Plaintiff and the members of the Massachusetts Class for three times their unpaid overtime compensation, plus the attorneys fees and costs of the Plaintiff and members of the Massachusetts Class.

## **Class Action Allegations**

49.    Plaintiff is currently unaware of the identities of all the members of the Massachusetts Class.  On information and belief, at least 75 persons have worked for Defendant as Auto Damage Appraisers in Massachusetts in locations across the Common-wealth during the Rule 23 Class Period and would therefore be members of the Massachusetts Class.  For this reason, joinder of all members of the Massachusetts Class would be impracticable.

50.    There are numerous common questions of both law and fact, such as the extent of the responsibilities and authority and the duties of members of the Massachusetts Class and whether such responsibilities, authority and duties are inconsistent with exempt status under M.G.L. c. 151, §1A.

51.    The claims of the Plaintiff are typical of the claims of the Massachusetts Class because each such Class Member was unlawfully classified as exempt from the overtime laws while having the same job responsibilities, authority and duties, which were inconsistent with

exempt status. Defendant's defense that the members of the Massachusetts Class were correctly classified as exempt will be the same for each individual and will not turn on any individual differences in such persons' job duties.

52.    The Plaintiff is represented by counsel experienced in class action litigation and, in particular, in litigating claims under Massachusetts overtime statutes. With the advice of such counsel, Plaintiff will fairly and adequately protect the interests of the Massachusetts Class.

53.    The prosecution of separate actions against the Defendant under Massachusetts law would create a risk of inconsistent or varying adjudications with respect to individual members of the Massachusetts Class which would establish incompatible standards of conduct for the Defendant. In addition, adjudications with respect to individual members of the class could as a practical matter be dispositive of the interests of the other members of the Massachusetts Class not parties to such adjudications, or could substantially impede or impair their ability to protect their interests.

54.    Questions of law or fact common to the members of the Massachusetts Class predominate over any questions affecting only individual Massachusetts Class Members. A class action is therefore superior to other available methods for the fair and efficient adjudication of the controversy. All of the facts material to resolving the common legal question of whether exemption from the Massachusetts overtime laws was appropriate are common to all members of the Massachusetts Class. Facts not common to the Massachusetts class are not material to resolving the common legal question of whether Defendant's exempt

classification of the Massachusetts Class was correct. Common issues predominate over any individual questions. There will be no difficulty in managing the case as a class action.

### Claims for Relief

WHEREFORE, Plaintiff respectfully requests that the Court:

A.    Declare Count I of this action to be maintainable as a collective action pursuant to 29 U.S.C. §216(b), and direct the Defendant to provide to the Plaintiff a list of all persons employed by it as Auto Damage Appraisers during the FLSA Class Period, including the last known address and telephone number of each such person, so that Plaintiff can give such persons notice of this action and an opportunity to make an informed decision about whether to participate in it;

B.    Determine the damages sustained by the Plaintiff and the members of the FLSA Class as a result of Defendant's violations of 29 U.S.C. §207(a), and award those damages against the Defendant and in favor of Plaintiff and all members of the FLSA Class, plus an additional equal amount as liquidated damages pursuant to 29 U.S.C. §216(b), and such pre-judgment interest as may be allowed by law;

C.    Award Plaintiff and the members of the FLSA Class their costs and disbursements of this suit, including, without limitation, reasonable fees attorneys', accountants' and experts' fees;

D.    Grant Plaintiff and the members of the FLSA Class such other and further relief as the Court may deem just and proper;

E.    Declare Count II of this action to be maintainable as a class action pursuant to Fed. R. Civ. P. 23;

F.    Determine the damages sustained by the Plaintiff and the members of the Massachusetts Class as a result of Defendant's violations of M.G.L. c. 151, §1A , and award those damages against the Defendant and in favor of Plaintiff and all members of the Massachusetts Class, trebled pursuant to M.G.L. 151, §1A and §1B, together with such prejudgment interest as may be allowed by law;

G.    Award Plaintiff and the members of the Massachusetts Class their costs and disbursements of this suit, including, without limitation, reasonable attorneys', accountants' and experts' fees; and

H.    Grant Plaintiff and the members of the Massachusetts Class such other and further relief as the Court may deem just and proper.

PLAINTIFF DEMANDS A TRIAL BY JURY ON ALL CLAIMS SO TRIABLE.

> Submitted by the attorneys for the Plaintiff and the Class,
>
> Thomas V. Urmy, Jr. (BBO #506620)
> Todd S. Heyman (BBO #643804)
> SHAPIRO HABER & URMY LLP
> 53 State Street
> Boston, MA 02109
> (617) 439-3939

13

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. Title of case (name of first party on each side only) CRAWFORD v. ARBELLA INSURANCE COMPANY

2. Category in which the case belongs based upon the numbered nature of suit code listed on the civil cover sheet. (See local rule 40.1(a)(1)).

[X]  I.   160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.

[X]  II.  195, 368, 400, 440, 441-444, 540, 550, 555, 625, 710, 720, 730,          *Also complete AO 120 or AO 121
          740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.            for patent, trademark or copyright cases

[ ]  III. 110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310,
          315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371,
          380, 385, 450, 891.

[ ]  IV.  220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 660,
          690, 810, 861-865, 870, 871, 875, 900.

[ ]  V.   150, 152, 153.                               04 - 11621 JLT

3. Title and number, if any, of related cases. (See local rule 40.1(g)). If more than one prior related case has been filed in this district please indicate the title and number of the first filed case in this court.

4. Has a prior action between the same parties and based on the same claim ever been filed in this court?
                                                        YES [ ]    NO [X]

5. Does the complaint in this case question the constitutionality of an act of congress affecting the public interest?  (See 28 USC §2403)
                                                        YES [ ]    NO [X]

   If so, is the U.S.A. or an officer, agent or employee of the U.S. a party?
                                                        YES [ ]    NO [ ]

6. Is this case required to be heard and determined by a district court of three judges pursuant to title 28 USC §2284?
                                                        YES [ ]    NO [X]

7. Do all of the parties in this action, excluding governmental agencies of the united states and the Commonwealth of Massachusetts ("governmental agencies"), residing in Massachusetts reside in the same division? - (See Local Rule 40.1(d)).
                                                        YES [X]    NO [ ]

   A.   If yes, in which division do all of the non-governmental parties reside?

        Eastern Division [X]       Central Division [ ]       Western Division [ ]

   B.   If no, in which division do the majority of the plaintiffs or the only parties, excluding governmental agencies, residing in Massachusetts reside?

        Eastern Division [ ]       Central Division [ ]       Western Division [ ]

8. If filing a Notice of Removal - are there any motions pending in the state court requiring the attention of this Court?  (If yes, submit a separate sheet identifying the motions)
                                                        YES [ ]    NO [ ]

(PLEASE TYPE OR PRINT)

ATTORNEY'S NAME  Thomas V. Urmy, Jr.

ADDRESS  Shapiro Haber & Urmy LLP, 53 State St., Boston, MA 02109

TELEPHONE NO.  617-439-3939

(Coversheetlocal.wpd - 10/17/02)

JS 44
(Rev. 3/99)

# CIVIL COVER SHEET

The JS–44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS

BRIAN CRAWFORD

## DEFENDANTS

ARBELLA INSURANCE COMPANY

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF  Plymouth
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY)

NOTE:    IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
TRACT OF LAND INVOLVED.

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

Shapiro Haber & Urmy LLP
53 State Street
Boston, MA 02109    617-439-3939

ATTORNEYS (IF KNOWN)

04-11621 JLT

## II. BASIS OF JURISDICTION (PLACE AN "X" IN ONE BOX ONLY)

☐ 1 U.S. Government
Plaintiff

☒ 3 Federal Question
(U.S. Government Not a Party)

☐ 2 U.S. Government
Defendant

☐ 4 Diversity
(Indicate Citizenship of Parties
in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN "X" IN ONE BOX FOR PLAINTIFF
(For Diversity Cases Only)    AND ONE BOX FOR DEFENDANT)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV.   NATURE OF SUIT (PLACE AN "X" IN ONE BOX ONLY)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 151 Medicare Act<br>☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans)<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholders' Suits<br>☐ 190 Other Contract<br>☐ 195 Contract Product Liability | **PERSONAL INJURY**<br>☐ 310 Airplane<br>☐ 315 Airplane Product Liability<br>☐ 320 Assault, Libel & Slander<br>☐ 330 Federal Employers' Liability<br>☐ 340 Marine<br>☐ 345 Marine Product Liability<br>☐ 350 Motor Vehicle<br>☐ 355 Motor Vehicle Product Liability<br>☐ 360 Other Personal Injury | **PERSONAL INJURY**<br>☐ 362 Personal Injury — Med. Malpractice<br>☐ 365 Personal Injury — Product Liability<br>☐ 368 Asbestos Personal Injury Product Liability<br>**PERSONAL PROPERTY**<br>☐ 370 Other Fraud<br>☐ 371 Truth in Lending<br>☐ 380 Other Personal Property Damage<br>☐ 385 Property Damage Product Liability | ☐ 610 Agriculture<br>☐ 620 Other Food & Drug<br>☐ 625 Drug Related Seizure of Property 21 USC 881<br>☐ 630 Liquor Laws<br>☐ 640 R.R. & Truck<br>☐ 650 Airline Regs<br>☐ 660 Occupational Safety/Health<br>☐ 690 Other | ☐ 422 Appeal 28 USC 158<br>☐ 423 Withdrawal 28 USC 157<br>**PROPERTY RIGHTS**<br>☐ 820 Copyrights<br>☐ 830 Patent<br>☐ 840 Trademark<br>**SOCIAL SECURITY** | ☐ 400 State Reapportionment<br>☐ 410 Antitrust<br>☐ 430 Banks and Banking<br>☐ 450 Commerce/ICC Rates/etc.<br>☐ 460 Deportation<br>☐ 470 Racketeer Influenced and Corrupt Organizations<br>☐ 810 Selective Service<br>☐ 850 Securities/Commodities/Exchange<br>☐ 875 Customer Challenge 12 USC 3410<br>☐ 891 Agricultural Acts<br>☐ 892 Economic Stabilization Act<br>☐ 893 Environmental Matters<br>☐ 894 Energy Allocation Act<br>☐ 895 Freedom of Information Act |
| **REAL PROPERTY**<br>☐ 210 Land Condemnation<br>☐ 220 Foreclosure<br>☐ 230 Rent Lease & Ejectment<br>☐ 240 Torts to Land<br>☐ 245 Tort Product Liability<br>☐ 290 All Other Real Property | **CIVIL RIGHTS**<br>☐ 441 Voting<br>☐ 442 Employment<br>☐ 443 Housing/ Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights | **PRISONER PETITIONS**<br>☐ 510 Motions to Vacate Sentence<br>**HABEAS CORPUS:**<br>☐ 530 General<br>☐ 535 Death Penalty<br>☐ 540 Mandamus & Other<br>☐ 550 Civil Rights<br>☐ 555 Prison Condition | **LABOR**<br>☒ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Railway Labor Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ 861 HIA (1395ff)<br>☐ 862 Black Lung (923)<br>☐ 863 DIWC/DIWW (405(g))<br>☐ 864 SSID Title XVI<br>☐ 865 RSI (405(g))<br>**FEDERAL TAX SUITS**<br>☐ 870 Taxes (U.S. Plaintiff or Defendant)<br>☐ 871 IRS — Third Party 26 USC 7609 | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice<br>☐ 950 Constitutionality of State Statutes<br>☐ 890 Other Statutory Actions |

## V. ORIGIN    (PLACE AN "X" IN ONE BOX ONLY)

☒ 1 Original
Proceeding

☐ 2 Removed from
State Court

☐ 3 Remanded from
Appellate Court

☐ 4 Reinstated or
Reopened

☐ 5 Transferred from
another district
(specify)

☐ 6 Multidistrict
Litigation

☐ 7 Appeal to District
Judge from
Magistrate
Judgment

## VI. CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE.
DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)

29 U.S.C. 207, et seq.

## VII. REQUESTED IN
COMPLAINT:

CHECK IF THIS IS A **CLASS ACTION**
☒ UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:    ☒ YES    ☐ NO

## VIII. RELATED CASE(S) (See instructions):
IF ANY

JUDGE _____

DOCKET NUMBER _____

DATE
July 21, 2004

SIGNATURE OF ATTORNEY OF RECORD
Thomas V. Urmy, Jr.

FOR OFFICE USE ONLY

RECEIPT # _____    AMOUNT _____    APPLYING IFP _____    JUDGE _____    MAG. JUDGE _____

## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

BRIAN CRAWFORD,

       Plaintiff,

v.

ARBELLA INSURANCE COMPANY,

       Defendants.

Case No. _____

## CONSENT TO ACT AS PLAINTIFF

Pursuant to 29 U.S.C. §216(b), I consent to act as plaintiff in this case, both on my own

behalf and on behalf of all persons similarly situated.

Dated: _____    _____

                          Brian Crawford