# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

**BRIAN CRAWFORD,**
     **Plaintiff,**

     v.

**ARBELLA SERVICE COMPANY,**
     **Defendant.**

**CIVIL ACTION NO.
04-11621JLT**

## ANSWER OF DEFENDANT ARBELLA SERVICE COMPANY TO PLAINTIFF'S AMENDED COMPLAINT

Pursuant to Fed. R. Civ. P. 8, defendant Arbella Service Company ("Arbella" or "Defendant") hereby makes its Answer to the Amended Complaint (the "Complaint") of plaintiff Brian Crawford ("Crawford" or "Plaintiff"), as follows. All allegations not admitted are denied.

### Nature Of The Action

1.     Defendant admits only that at least since February 19, 2000 Arbella has classified persons employed by it as Auto Damage Appraisers as exempt from the Fair Labor Standards Act (FLSA). All other allegations of Paragraph 1 are denied.

2.     The first sentence of Paragraph 2 of the Complaint makes summary allegations of the purported nature of Plaintiff's claims in this action to which no answer is required. To the extent that that the first sentence makes allegations of fact, such allegations are denied. The second sentence does not make an allegation of fact but instead defines a term used in the Complaint and therefore, no answer is required. With respect to the third sentence, Defendants admit that all employees employed as Auto Damage Appraisers are classified as exempt from the provisions of the FLSA and that all Auto Damage Appraisers perform the same basic duties. To

the extent that Paragraph 2 or any other paragraph of the Complaint alleges that certification of a class is appropriate in this action or that there is an appropriate "class", that allegation is denied.

## Jurisdiction and Venue

3.     Paragraph 3 of the Complaint states a conclusion of law to which no answer is required.

4.     Defendant admits that it has its principal place of business in Massachusetts. The remainder of Paragraph 4 of the Complaint states a conclusion of law to which no answer is required.

5.     Admitted.

## Parties

6.     Defendant is without knowledge or information sufficient to admit or deny the truth of the allegation in the first sentence of Paragraph 6. Defendant admits that Plaintiff was employed as an Auto Damage Appraiser by Defendant from May 2001 to January 2004.

7.     Admitted.

## Individual Allegations

8.     Defendant admits that Plaintiff's responsibilities included the responsibilities set forth within paragraph 8 but denies that these were Plaintiff's only responsibilities. Further responding, these responsibilities included the exercise of discretion and independent judgment. Defendant denies that Plaintiff was solely guided by Defendant's policies, guidelines, and practices and further denies that the computer referenced in paragraph 8(d) actually performs the appraisal.

2

9.      Defendant admits that once completing his appraisal, Plaintiff would transmit the information and his recommendations to a Claims Service Specialist, who would then assume primary responsibility for handling the claim.

10.     Admitted.  Further responding, Defendant states that Plaintiff was expected to provide recommendations to the Claims Service Specialist and that the Claims Service Specialists in general give the recommendations of Auto Damage Appraisers particular weight.

11.     Admitted.  Further responding, Defendant states that the Plaintiff was expected to make recommendations to the Claims Service Specialist and that the Claims Service Specialists in general give the recommendations of the Auto Damage Appraisers particular weight.

12.     Defendant admits that Plaintiff did not have final authority to resolve questions of fault, liability, or coverage with respect to automobile damage claims.  Further responding, Defendant states that although Auto Damage Appraisers do not have final authority to resolve questions of fault, liability, or coverage with respect to automobile damage claims, their recommendations are given particular weight by the Claims Service Specialists.

13.     Defendant admits that Plaintiff did not have authority to decide whether to make a payment on a claim or the amount of such payment, but Defendant further responds that the recommendations of Auto Damage Appraisers as to such matters are given particular weight by the Claims Service Specialists.

14.     Admitted.

15.     Admitted.

16.     Admitted.

17.     Defendant admits that Plaintiff did not have authority to negotiate with any insured or claimant regarding the amount of indemnity Defendant should pay to replace any

vehicle, but further states that the information provided by the Auto Damage Appraiser is used to determine the amount of indemnity and that the recommendations by the Auto Damage Appraisers as to the amount of indemnity are given particular weight.

     18.     Denied.

     19.     Denied.  Further responding, Defendant states that Plaintiff was eligible for and on several occasions did receive payments in addition to his weekly salary.

     20.     Defendant admits only that Plaintiff did not supervise two or more persons. Defendant denies the remaining allegations of Paragraph 20.  Further responding, Defendant states that Auto Damage Appraisers must be licensed.

     21.     Denied.

     22.     Denied.

     23.     Admitted.

### FLSA Collective Action Allegations

     24.     Defendant denies the allegations set forth in the first sentence of Paragraph 24of the Complaint.  With respect to the allegations in the second sentence of Paragraph 24, Defendant admits only that all Auto Damage Appraisers employed by Defendant are paid as exempt employees.  Further responding, Defendant denies there is an appropriate class of employees.  All other allegations are denied.

     25.     Denied.

     26.     Defendant admits the allegations set forth in the first sentence of Paragraph 26 insofar as Defendant was generally aware of the duties performed by the Plaintiff and other Auto Damage Appraisers.  Defendant denies the remaining allegations set forth in Paragraph 26.

     27.     Denied.

28.    Denied.

29.    Denied

30.    Denied.

31.    Denied.

32.    Denied.

33.    Paragraph 33 of the Complaint refers to Exhibit 1, which speaks for itself.  No further response is required.

34.    Defendant denies that it should be required to provide to the Plaintiff a list of persons employed as Auto Damage Appraisers and further denies that this matter is appropriate for a class action or that the purported class is an appropriate class.

## Count II
## Massachusetts Law Class Action Claim

35.    Defendant hereby incorporates the answers contained in paragraphs 1 through 34, above.

36.    Paragraph 36 of the Complaint makes summary allegations of the purported nature of Plaintiff's claims in this action and defines terms used in the Complaint, to which no answer is required.

37.    Paragraph 37 states a conclusion of law to which no answer is required.

38.    Paragraph 38 states a conclusion of law to which no answer is required.

39.    Denied.

40.    To the extent that Paragraph 40 alleges that certification of a class is appropriate in this action or that there is an appropriate class, that allegation is denied.  All fact allegations in Paragraph 40 are denied.

## Jurisdiction

41.     Paragraph 41 states a conclusion of law to which no answer is required.

## Massachusetts Claim Allegations

42.     Defendant denies the allegations set forth in the first sentence of Paragraph 42of the Complaint.  With respect to the allegations in the second sentence of Paragraph 42, Defendant admits only that all auto damage appraisers employed by Defendant are paid as exempt employees.

43.     Denied.

44.     Defendant admits only the allegations of the first sentence of Paragraph 44 of the Complaint.  All other allegations in the paragraph are denied.

45.     Denied.

46.     Denied.

47.     Denied.

48.     Denied.

## Class Action Allegations

49.     Denied.

50.     Paragraph 50 states a conclusion of law to which no answer is required.  To the extent that the paragraph makes fact allegations, Defendant denies those allegations.

51.     Denied.

52.     Defendant is without knowledge or information sufficient to form a belief as to the experience or skills of Plaintiff's counsel.  To the extent that there are any relevant factual allegations in Paragraph 52, those allegations are denied.

53.     Denied.

6

54.    Denied.

## Affirmative Defenses

Pursuant to Fed. R. Civ. P. 8(c), Defendant, by its attorneys, hereby set forth the following affirmative defenses and reserves the right to raise additional affirmative defenses based on information learned through discovery.

### First Affirmative Defense

This matter is not appropriate for class certification.

### Second Affirmative Defense

Plaintiff is not an appropriate class representative.

### Third Affirmative Defense

The purported class alleged in the Complaint is not a certifiable class under Fed. R. Civ. P. 23.

### Fourth Affirmative Defense

The putative class is insufficiently numerous to warrant adjudication pursuant to Fed. R. Civ. P. 23.

### Fifth Affirmative Defense

Common questions of fact and law do not predominate.

### Sixth Affirmative Defense

All Defendant's Auto Damage Appraisers, including Plaintiff, are correctly classified as exempt from the FLSA and M.G.L. c. 151 §1A.

### Seventh Affirmative Defense

Any all actions taken by Arbella with respect to the classification of the Auto Damage Appraisers were made in good faith. To the extent that there is a finding that the wage laws have

been violated (which Arbella denies), any such violation of any wage laws was unintentional and not willful.

### Eighth Affirmative Defense

The revised regulations defining exemptions under the FLSA support the treatment of the Auto Damage Appraisers as exempt, and, in any event, those regulations may not be applied retroactively.

### Ninth Affirmative Defense

Some of the putative members of the alleged plaintiff class have released the claims asserted in the Complaint.

### Tenth Affirmative Defense

Plaintiff has unclean hands.

### Prayer for Relief

**WHEREFORE**, Defendant respectfully requests that this Court:

1.      Enter judgment for Defendant dismissing the Complaint; and

2.      Allow Defendant such other and further relief as the Court deems just and proper.

Respectfully submitted,

**ARBELLA SERVICE CORPORATION**

By its attorneys,

Roberta Fitzpatrick, BBO #550470
Carolyn A. Wiesenhahn, BBO #641596
Mintz, Levin, Cohn, Ferris,
  Glovsky and Popeo, P.C.
One Financial Center
Boston, MA  02111
(617) 542-6000

Dated:  September 17, 2004

## *CERTIFICATE OF SERVICE*

I, Carolyn A. Wiesenhahn, hereby certify that I have on this 17 th day of September, 2004, served a copy of the foregoing *Answer of Defendant Arbella Service Corporation,* by delivering a copy thereof by messenger to:

Thomas V. Urmy, Jr., Esquire
Shapiro Haber & Urmy, LLP
53 State Street
Boston, MA 02109

Carolyn A. Wiesenhahn

LITDOCS:1215816.1(Q24_01!.DOC)

LIT 1478535v1

9