## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| BRIAN CRAWFORD,<br><br>        Plaintiff,<br><br>v.<br><br>ARBELLA SERVICE COMPANY,<br><br>        Defendants. | C. A. No. 04-11621 JLT |

### JOINT STATEMENT OF THE PARTIES

Pursuant to the Notice of Scheduling Conference issued in this matter on November 3, 2004, Fed. R. Civ. P. 16(b) and Local Rule 16.1, the parties submit the following Joint Statement.

The parties have conferred with respect to preparing an agenda of matters to be discussed at the initial Scheduling Conference; a proposed Pretrial Schedule for the case, including a plan for discovery; and considering whether they consent to a trial by a magistrate judge. Each such issue is discussed below.

**I.**     **Agenda of Matters to be Discussed at the Conference**

The parties propose that the following matters should be discussed at the initial Scheduling Conference:

    1.     The Plaintiff has prepared and provided to the Defendant copies of his motion pursuant to 29 U.S.C. §216(b) seeking entry of an order directing the Defendant to provide

Plaintiff with the names and addresses of all similarly situated employees and authorizing the Plaintiff to advise such individuals of the pendency of this action and their right to participate in it. The Plaintiff proposes to file that motion, with the Court's permission, at or immediately following the Scheduling Conference, with the Defendant's time to respond running from the date of filing.

2. Count II of the Complaint asserts a Rule 23 class claim under Massachusetts state law. The Plaintiff proposes to defer filing a Rule 23 class certification motion until after his initial document request has been complied with and he has had the opportunity to review those documents and take any class-related depositions which he may feel to be appropriate after having seen the documents.

3. The matters covered in Sections II-VI, below.

## II. Proposed Discovery Schedule

The parties propose that they be allowed twelve (12) months following the closing of any opt-in period set by the Court pursuant to 29 U.S.C. §216(b) to complete discovery.

The Plaintiff has already furnished to the Defendant his Proposed First Request for Production of Documents, so that the Defendant will be aware of the types of documents that Plaintiff believes to be relevant to the issues in the case. The parties have agreed that the Request will not be deemed served until after the initial Scheduling Conference.

Depending on the nature and extent of the document production received from the Defendant, Plaintiff may wish to serve written Interrogatories, but the nature and extent of those Interrogatories cannot at this time be determined.

Plaintiff will also want to take depositions of some or all of the individuals identified in paragraph (A) of his Initial Disclosures and, again depending on the nature and extent of the document production, Plaintiff believes that he will need to take several Rule 30(b)(6) depositions of the Defendant with respect to various matters relevant to both liability and damages in the case.

### III.   Dispositive Motions and Trial By Magistrate

The parties propose that dispositive motions be filed no later than sixty (60) days following the close of discovery.  The parties are not prepared to agree to trial by magistrate.

### IV.   Settlement Proposals

The Plaintiff is unable at this time to make a written settlement proposal, because Plaintiff does not now know  (1) how many persons will opt into the Fair Labor Standards Act ("FLSA") claims asserted in Count I of the Complaint,  (2) the size of the putative Rule 23 class under the state law claim set forth in Count II of the Complaint or (3) the number of overtime hours or the overtime rates of pay of such opt-in plaintiffs or class members. However, Plaintiff has provided in his automatic disclosures an estimate of the amount of damages he himself has suffered as a result of the Defendant's failure to pay him overtime compensation which he claims to be owed to him.  That estimate does provide to the Defendant a guideline of the process which Plaintiff currently intends to use in order to determine his damages and the damages of any class members covered by either Count I or Count II of the Complaint.

**V.    Litigation Budgets**

The parties certify that they have each conferred with their clients with respect to establishing a budget for the costs of conducting the case and various alternative methods of resolving the litigation. Given that the extent of the Plaintiff's claims will not be known until it is determined how may individuals opt into the FLSA claim asserted in Count I or whether a Rule 23 class is certified under Count II, it is, as discussed above, too early to determine the scope of the case or the amount of resources that they are prepared to commit to either prosecuting or defending it.

**VI.    Alternate Dispute Resolution**

The parties are prepared to consider at the appropriate time the use of alternative dispute resolution programs in an attempt to resolve the litigation.

By the attorneys for the Plaintiff and the Class,

S/Thomas V. Urmy, Jr.
Thomas V. Urmy, Jr. (BBO #506620)
Todd S. Heyman (BBO #643804)
SHAPIRO HABER & URMY LLP
53 State Street
Boston, MA 02109
(617) 439-3939


S/Carolyn A. Wiesenhahn
Carolyn A. Wiesenhahn (BBO #641596)
Mintz Levin Cohn, Ferris, Glovsky & Popeo, P.C.
One Financial Center
Boston, Massachusetts 02111
(617) 542-6000