## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| BRIAN CRAWFORD,<br><br>    Plaintiff,<br><br>  v.<br><br>ARBELLA SERVICE COMPANY,<br><br>    Defendants. | C. A. No. 04-11621 JLT |

**PLAINTIFF'S MEMORANDUM IN SUPPORT OF ITS MOTION FOR ORDERS (1) DIRECTING DEFENDANT TO PROVIDE PLAINTIFF WITH THE NAMES AND ADDRESSES OF ALL SIMILARLY SITUATED EMPLOYEES AND (2) AUTHORIZING PLAINTIFF TO ADVISE SUCH INDIVIDUALS OF THE PENDENCY OF THIS ACTION AND THEIR RIGHT TO PARTICIPATE IN IT**

Plaintiff submits this Memorandum of Points and Authorities in support of his motion pursuant to 29 U.S.C. §216(b), Fed. R. Civ. P. 7(b) and Local Civil Rule 7.1(B) for entry of an order:

(1) Requiring that within ten days following disposition of this motion Defendant must provide Plaintiff with the names and last known mailing addresses of each person employed by it as an Auto Damage Appraiser at any time between July 21, 2001 and the present; and

(2) Authorizing Plaintiff to send to each individual the Notice annexed to Plaintiff's Motion as Exhibit 1 informing the individual of his or her right to participate in this action.

# I. INTRODUCTION

This action is brought pursuant to the Fair Labor Standards Act, 29 U.S.C. §§207, *et seq*. ("FLSA"), and M.G.L. ch. 151, §§1A and 1B. Plaintiff seeks to recover for himself and for other similarly situated current and former employees of the Defendant unpaid overtime compensation allegedly owed to them by the Defendant for work they performed for the Defendant as Auto Damage Appraisers ("ADAs") between July 21, 2001 and the present. The action challenges the Defendant's action in classifying its ADAs as exempt from the overtime compensation requirements of theFLSA and Massachusetts law.

The functions performed by ADAs employed by the Defendant during the relevant period have been to inspect and appraise damaged automobiles insured by the Defendant, to estimate the costs of repair of such damage and to reach an agreed price of repair with the body shop that is to perform the work on the damaged automobile.

Although Defendant denies that Plaintiff is entitled to recover the relief he seeks in this action, it does not contest two of the factual allegations made by the Plaintiff that are directly relevant to this motion. Defendant admits that:

(1) All of its ADAs perform the same basic duties; and

(2) It has classified all of its ADAs as exempt from the overtime provisions of the FLSA.

Thus, in paragraph 3 of its Answer to the Amended Complaint, Defendant states:

> Defendant admits that all employees employed as Auto Damage Appraisers are classified as exempt from the provisions of the

2

>  FLSA and that all Damage Appraisers perform the same basic
>  duties.

Because the legality of an exempt classification is determined by an examination of the employee's duties,[1] and because, as Defendant concedes, all of its ADAs perform the same basic duties, Plaintiff may properly prosecute this claim not only on behalf of himself but on behalf of all other of Defendant's ADAs. As explained below, the FLSA's collective action procedures are designed for precisely these circumstances. *See, e.g., Daggett v. Ruecker*, Civ. A. No. 95-421, 1996 U.S. Dist. LEXIS 22465 at *19 (D.Or. 1996) ("a typical FLSA class action for overtime wages involves employees who share similar job duties . . . [challenging] whether a particular FLSA exemption applies").

The FLSA requires that employers pay overtime compensation for all hours in excess of 40 worked in any week by any of its employees unless those employees fall into a category declared to be exempt under the FLSA. This action challenges Defendant's classification of its ADAs as exempt under both federal and state wage laws.[2] The case law establishes that exemptions from the FLSA are to be construed narrowly. *See Reich v. John Alden Life Ins. Co.*, 126 F.3d 1, 7 (1st Cir. 1997) ("the remedial nature of the statute requires that FLSA exemptions be 'narrowly construed against the employers seeking to assert them and their

---

[1] 29 C.F.R. §541.2 provides: "[t]he exempt or nonexempt status of any particular employee must be determined on the basis of whether the employee's . . . duties meet the requirements of the regulations in this part."

[2] The present motion concerns only the federal claim under the FLSA, although there is little difference between the state and federal overtime law as it relates to this action.

application limited to those establishments plainly and unmistakably within their terms and spirit,'" citing *Arnold v. Ben Kanowsky, Inc.*, 361 U.S. 388, 392 (1960). Plaintiff contends in this action that the duties of ADAs employed by the Defendant are inconsistent with any exemption from the overtime requirements of the applicable wage laws.

Plaintiff's claim is well supported by established FLSA jurisprudence and Department of Labor Regulations addressing the proper classification of persons performing the work done by Defendant's ADAs. *See Robinson-Smith v. Gov't Employees Ins. Co.*, 323 F.Supp.2d 12, 25-26 (D.D.C. 2004) (holding automobile damage adjusters nonexempt); *In Re Farmers Ins. Exch. Claims Representatives' Overtime Pay Litigation*, 336 F.Supp.2d 1077, 1097-1098 (D.Or. Feb. 26, 2004) (holding automobile damage claims representative nonexempt); *Reich v. American Int'l Adjustment Co.*, 892 F.Supp. 321, 3232 (D.Conn. 1994) (holding automobile damage appraisers nonexempt, relying in part on the Department of Labor Field Operation Handbook).

## II.  COLLECTIVE ACTION PROCEDURES UNDER THE FLSA

The FLSA specifically provides that any employee may bring a claim for unpaid overtime compensation on his own behalf and on behalf of all others similarly situated:

> An action to recover [unpaid overtime compensation] may be maintained against any employer . . . in any Federal or State court of competent jurisdiction by any one or more employees for or in behalf of himself or themselves and other employees similarly situated.

4

29 U.S.C. §216(b). However, unlike a class action brought pursuant to Fed. R. Civ. P. 23, a similarly situated employee cannot be represented by the named plaintiff in a FLSA action without having given "consent in writing to become such a party." *Id.* That written consent must be "filed in the court in which such action is brought." *Id.*

Because the collective action provisions permit the resolution of numerous employees' claims in a single proceeding, the parties and the judiciary benefit tremendously by the conservation of resources. As the Supreme Court has stated, the collective action procedure of the FLSA:

> allows . . . plaintiffs the advantage of lower individual costs to vindicate rights by the pooling of resources. The judicial system benefits by efficient resolution in one proceeding of common issues of law and fact arising from the same alleged discriminatory activity.

*Hoffman-LaRoche, Inc. v. Sperling*, 493 U.S. 165, 170 (1989).[3] However, in order for the statutory scheme to function as designed, the employees must be given notice of their rights to participate in the action in a timely manner:

> These benefits, however, depend on employees receiving accurate and timely notice concerning the pendency of the collective action, so that they can make informed decisions about whether to participate.

---

[3] *Hoffman v. LaRoche* involved the Age Discrimination In Employment Act of 1967. However, that statute explicitly incorporates the FLSA enforcement provisions contained in 29 U.S.C. §216(b).

*Id*. The Court found that the district courts' involvement in the process of giving notice to other similarly situated employees "is inevitable in cases with numerous plaintiffs where written consent is required by the statute." *Id.* As a result, it held that it was "within the discretion of the district court to begin its involvement early, at the point of the initial notice, rather than at some later time." *Id.* at 171. Pointing out that "court authorization of notice serves the legitimate goal of avoiding a multiplicity of duplicative suits and setting cutoff dates to expedite disposition of the action," the Court held that a district court should take such actions as it deemed appropriate to ensure that "the broad remedial goal of the statute . . . be enforced to the full extent of its terms." *Id.*

Since the Supreme Court rendered its opinion in *Hoffman-LaRoche*, other courts addressing this issue have consistently authorized notice to similarly situated employees informing them of their rights to opt into the action by filing a written consent form. *See, e.g., Kane v. Gage Merchandising Services, Inc.*, 138 F.Supp.2d 212 (D.Mass. 2001) (Gorton, J.); *Reeves v. Alliant Tech Systems, Inc.*, 77 F.Supp.2d 242 (D.R.I. 1999); *Beavers v. American Cast Iron Pipe Co.*, 975 F.2d 792, 801-02 (11th Cir. 1992).

In *Reeves v. Alliant Tech Systems, Inc.*, 77 F.Supp.2d 242 (D.R.I. 1999), the Court discussed the procedure to be followed in determining whether and how to authorize the promulgation of class notice in FLSA actions:

> The threshold issue in deciding whether to authorize class notice in a FLSA action is whether plaintiffs have demonstrated that potential class members are "similarly situated."

6

*Reeves,* 77 F. Supp.2d at 246. Pointing out that neither the FLSA nor its regulations have set out a standard for determining whether plaintiffs are similarly situated, the Court followed several decisions where the courts "have utilized a two-tiered approach to certification determinations under §216(b)." *Id*; *see also Kane*, 138 F.Supp.2d at 214.

> Under this two-tiered analysis, the trial court must first determine whether notice of the action should be given to potential class members. *See Thiessen v. General Elec. Capital Corp.*, 996 F.Supp. 1071, 1080 (D.Kan. 1998). . . . **This preliminary pronouncement is "usually based only on the pleadings and any affidavits that have been submitted" during the initial stages of litigation.** *Mooney v. Aramco Services Co.*, 54 F.3d 1207, 1214 (5th Cir. 1995). Because the court has minimal evidence at the "notice stage," this determination "is made using a fairly lenient standard and typically results in 'conditional certification' of a representative class."

*Reeves*, 77 F. Supp.2d at 246 (emphasis added). The Court went on to point out that "courts have held that plaintiffs can meet this burden by simply alleging 'that the putative class members were together the victims of a single decision, policy or plan' that violated the law." *Id.* at 247.[4]

Until the employee's consent form is filed with the Court, the statute of limitations continues to run against that claim. *See* 29 U.S.C. §255(a); *Dunlop v. Rhode Island*, 398

---

[4] *See also Mooney v. ARAMCO Servs. Co.,* 54 F.3d 1207, 1214 n.8 (5th Cir. 1995); *Lusardi v. Xerox Corp.*, 122 F.R.D. 351, 361 (D.N.J. 1987); *Voszlavik v Storage Tech. Corp.*, 175 F.R.D. 672, 678-79 (D.Colo. 1997); *Brooks v. Bellsouth Telecom, Inc.*, 164 F.R.D. 561, 568 (N.D.Ala. 1995), *aff'd* 114 F.3d 1202 (11th Cir. 1997); *Allen v. Marshall Field & Co.*, 93 F.R.D. 438, 445 (N.D.Ill. 1982); *Jackson v. New York Telephone Co.*, 163 F.R.D. 429, 431 (S.D.N.Y. 1995); *Krueger v. New York Telephone Co.*, No. 93 Civ. 0178, No. 93 Civ. 0179, 1993 U.S. Dist. LEXIS 9988 at *6-7 (S.D.N.Y. July 21, 1993).

F.Supp. 1269, 1284-1286 (D.R.I. 1975).   Thus, in actions for continuing violations based on underpayment of wages, recovery is limited to the amount of underpayment in the past two or three years preceding the filing of the employee's complaint or written consent, depending on whether the employer's conduct was willful.  *See Reich v. Newspapers of New England, Inc.*, 44 F.3d 1060, 1079 (1st Cir. 1995); *Bell v. District of Columbia,* 795 F. Supp. 461, 467 (D.D.C. 1992).

In light of the statute of limitations referred to above, the timing of the notice given to other similarly situated employees is of great significance in a FLSA collective action. Each day that passes without filing a consent form – even after a collective action complaint is filed – the employee loses part of his or her claim.  Without receiving notice of the action, an employee typically has no way to discover his or her rights to opt into the action and benefit from the pooling of resources that the Supreme Court identified.  As a result, it is not uncommon for courts to approve expedited notice.  *See Hoffmann v. Sbarro Inc.*, 982 F. Supp. 249, 262 (S.D.N.Y. 1997) (finding that sending notice early facilitates the broad, remedial purpose of the FLSA and promotes efficient case management) (citations omitted); *Bronstein v. Eastern Photographic Laboratories, Inc.*, 600 F.2d 335, 336 (1978) (same).

### III.  COURT AUTHORIZED NOTICE IS APPROPRIATE HERE

The standard for court-authorization of notice is readily satisfied here.  As the *Reeves* court explained, the burden on the Plaintiff is lenient and "is usually based only on the pleadings and any affidavits that have been submitted." *Reeves,* 77 F. Supp.2d at 246.  Here, the

8

Defendant's answer concedes that all ADAs perform the same basic duties and that each was subject to the same policy of classifying them as exempt from the overtime requirements of the FLSA. *See* Answer, ¶3. "[C]ourts have held that plaintiffs can meet this burden by simply alleging 'that the putative class members were together the victims of a single decision, policy or plan' that violated the law." *Id.* at 247. Here, Plaintiff has alleged that the Defendant's undisputed policy of classifying all ADAs as exempt violated the law. No more is required to establish that the employees are similarly situated for purposes of the FLSA.

Numerous courts – including judges in this district – have authorized FLSA notices in cases involving this precise job category. For example, Judge Zobel authorized notice to be sent to Auto Damage Appraisers classified by United Services Automobile Association as exempt from the overtime requirements of the FLSA. *See Loughran v. United Services Automobile Association, Inc.*, 00-CV-12387RWZ, Docket Entry Notes on March 22, 2001 (granting order requiring defendant to produce names and addresses to plaintiff for purposes of sending notice of FLSA claim) (attached as Exhibit 1 to this memorandum). Judge Keeton has twice authorized notice to be sent to Auto Damage Appraisers who were classified by Liberty Mutual Insurance Company as exempt from the FLSA overtime requirements. *See McLaughlin v. Liberty Mutual Ins. Co.*, 03-CV-10316, Docket Entry No. 21 entered on May 21, 2003 (attached as Exhibit 2 to this memorandum); *Dooley v. Liberty Mutual Ins. Co.*, 01-CV-11029, Docket Entry No. 25 entered on November 16, 2001 (attached as Exhibit

3 to this memorandum).   In other jurisdictions, other courts have reached similar conclusions in FLSA actions involving employees with similar duties to those here.  *See Robinson-Smith v. Gov't Employees Ins. Co.*, 01-1340, 2001 U.S.Dist. Lexis 25516 at *8-9 (D.D.C. Nov. 16, 2001) (authorizing notice and opt-in procedures of FLSA collective action for Automobile Damage Adjusters) (attached as Exhibit 4 to this memorandum); *Lindsay v. Gov't Employees Ins. Co.*, 04-1213 (Nov. 9, 2004 D.D.C. ) (attached as Exhibit 5 to this memorandum with November 16, 2004 order approving form of notice to be distributed); *see also In re Farmers Ins. Exch. Claims Representatives' Overtime Pay Litigation*, No. MDL 1439, 2003 WL 23669376 at *1 (D.Or. May 19, 2003) (citing September, 2002, order permitting action to proceed collectively under the FLSA for all claims representatives throughout the United States, including automobile damage claims representatives, and indicating that over one thousand individuals opted in pursuant to the court's order).

The claims of all similarly situated employees should be resolved in a single forum. Until the ADAs receive notice of this action and their rights to participate in it, they will remain unaware of the availability of this cost-effective means of enforcing their rights. The very benefits of proceeding collectively under the FLSA that were identified by the Supreme Court – the pooling of resources to lower individual costs – could very well play a decisive role in whether an ADA chooses to enforce his or her rights.  Accordingly, ADAs should be made aware of this avenue of enforcement as soon as possible so as not to prejudice their

right to recover for the Defendant's long-standing practice of failing to pay overtime compensation.

### IV.  CONCLUSION

For the reasons stated in this memorandum, Plaintiff respectfully request that the Court grant his motion and (1) direct Defendant to provide Plaintiff with the names and last known addresses of all persons employed by Defendant as ADAs between July 21, 2001 and the present and (2) authorize Plaintiff to send to each such person a copy of the Notice attached to Plaintiff's motion as Exhibit 1, for the purpose of informing them of their rights to participate in this action.

Dated:  November 30, 2004                                  Respectfully submitted,

/s/ Thomas V. Urmy, Jr.
Thomas V. Urmy, Jr. (BBO #506620)
Todd S. Heyman (BBO #643804)
**SHAPIRO HABER & URMY LLP**
53 State Street
Boston, MA 02109
Telephone: (617) 439-3939
Facsimile:  (617) 439-0134