UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| BRIAN CRAWFORD,<br><br>               Plaintiff,<br><br>   v.<br><br>ARBELLA SERVICE COMPANY,<br><br>               Defendants. | C. A. No. 1:04-cv-11621 JLT |

## SECOND AMENDED COMPLAINT

### Count I
### FLSA Collective Action Claim

1.     Defendant Arbella Service Company ("Arbella") has since at least February 19, 2000 willfully violated the Fair Labor Standards Act, 29 U.S.C. §§201 *et seq.* ("FLSA"), by failing to pay Plaintiff Brian Crawford and all other persons employed by it as Auto Damage Appraisers time and one-half their regular rates of pay for all hours worked in excess of 40 per week. Such individuals have been classified by Defendant as exempt from the provisions of the FLSA, while at the same time being assigned by Defendant to perform duties inconsistent with exempt status.

2.     This Count is brought as a collective action pursuant to 29 U.S.C. §216(b), on behalf of Plaintiff and all other persons who are or have been employed by Defendant anywhere in the United States as Auto Damage Appraisers between July 21, 2001 and the

date of final disposition of this action (the "FLSA Class Period"). Plaintiff and all such similarly situated persons are hereinafter referred to jointly as "the FLSA Class" or "the FLSA Class Members." The members of the FLSA Class are similarly situated because they all perform the same basic duties and assignments, and all are subject to Defendant's common policy and practice of classifying all its Auto Damage Appraisers as exempt from the provisions of the FLSA.

## Jurisdiction and Venue

3.  This Court has jurisdiction over the subject matter of Count I pursuant to 28 U.S.C. §1331 and 29 U.S.C. §216(b).

4.  Defendant has its principal place of business in this district, such that it is subject to personal jurisdiction here. Venue is proper in this district pursuant to 28 U.S.C. §1391(b), because the Defendant resides in and is subject to personal jurisdiction in this district.

5.  Defendant is engaged in interstate commerce.

## Parties

6.  Plaintiff is a resident of Pembroke, Massachusetts. Between May of 2001 and January of 2004, he was employed as an Auto Damage Appraiser by Defendant.

7.  On information and belief, Defendant is a corporation organized under the laws of Massachusetts. During the Class Period, Defendant has regularly transacted business in this district.

## Individual Allegations

8. During the FLSA Class Period, the job of Plaintiff has been to:

(a) inspect vehicles subject to claims on automobile insurance policies issued by Defendant to identify which portions of the vehicle were damaged in an accident;

(b) determine whether such parts should be repaired or replaced, and if replaced, what replacement parts should be used, all in accord with Defendant's policies, guidelines, and practices;

(c) estimate the labor time necessary to repair any damaged parts in accord with Defendant's policies, guidelines, and practices; and

(d) enter such information into a computer supplied and programmed by Defendant, which then provided an appraisal of the total amount necessary to repair or replace the damaged portions of the vehicle.

9. Plaintiff's primary duty was to appraise damaged vehicles subject to an Arbella insurance policy and estimate the cost to repair such damage. Once completing his appraisal, Plaintiff would transmit this information to a Claims Adjuster, who would then assume responsibility for handling the claim.

10. In cases where repairing the vehicle was impossible or not cost effective, Plaintiff would gather factual information concerning the damaged vehicle's value and transmit this information to a Claims Adjuster.

11. Whether the vehicle was to be repaired or replaced, once Plaintiff transmitted the necessary information to a Claims Adjuster, it was the responsibility of the Claims Adjuster to resolve the claim.

12. Plaintiff did not resolve questions of fault, liability, or coverage with respect to automobile damage claims.

13. Plaintiff did not decide whether to make payment on a claim, or if a payment was to be made, the amount of the payment.

14. Plaintiff was not responsible for setting company reserves for any claim.

15. Plaintiff was not responsible for determining the scope of any personal injuries of any claimant or insured subject to an Arbella insurance policy or for preparing damage estimates for such personal injuries.

16. Plaintiff was not responsible for determining whether a claimant or insured was entitled to a rental car during the time that repairs to the damaged vehicle were being performed.

17. Plaintiff had no authority to negotiate with any Arbella insured or claimant regarding the amount of indemnity Defendant should pay to replace any vehicle that was damaged such that its repair was either impossible or not cost effective.

18. Plaintiff exercised little, if any, discretion or independent judgment in carrying out his duties for Defendant. The appraisals which Plaintiff created during the course of his work for Defendant were done pursuant to strict guidelines provided by Defendant.

19. Although Plaintiff was guaranteed an annual salary, he was paid compensation in addition to his salary in many weeks, regardless of whether the total number of hours he worked in those weeks exceeded 40.

20. Plaintiff did not supervise two or more persons. Plaintiff had no management or administrative responsibilities, and was responsible only for his own work. The duties of the Plaintiff did not require knowledge of an advanced type in a field of service or learning customarily acquired by a prolonged course of specialized intellectual instruction and study.

21. The primary duty of the Plaintiff did not consist of either performance of office or managerial work directly related to Defendant's management policies or general business operations or those of its customers.

22. During the FLSA Class Period, Plaintiff regularly worked substantially in excess of 40 hours per week.

23. During the FLSA Class Period, Defendant did not pay Plaintiff time and one-half his regular hourly rate for any hours in excess of 40 worked in any workweek.

### FLSA Collective Action Allegations

24. The duties, authority, responsibilities and business activities of the FLSA Class Members were essentially the same as the duties, authority, responsibilities and activities of the Plaintiff described above. At all times during the FLSA Class Period, all of the FLSA Class Members were paid in the same manner and under the same standard employment procedures and practices as the Plaintiff.

25. The FLSA Class Members were all subject to the same unlawful policy or plan of the Defendant as the Plaintiff, under which they were classified as exempt from the provisions of the FLSA, while at the same time assigned duties that were inconsistent with exempt status.

26. During the FLSA Class Period, Defendant was aware of the duties performed by the Plaintiff and the FLSA Class. Defendant also was aware that the duties of Plaintiff and the FLSA Class Members were inconsistent with exempt status, and that such persons were and are not exempt from the overtime provisions of the FLSA.

27. By its conduct, as set forth herein, the Defendant violated 29 U.S.C. §207(a) by failing to pay the FLSA Class time and one-half their regular hourly rates for hours worked in excess of 40 hours during a workweek.

28. The Defendant's violations of 29 U.S.C. §207(a) were repeated, willful and intentional.

29. The Plaintiff and the FLSA Class Members have been damaged by said violations of 29 U.S.C. §207(a).

30. Pursuant to 29 U.S.C. §207(a) and §216(b), Defendant is liable to the Plaintiff and the FLSA Class Members for the full amount of all their unpaid overtime compensation, plus an additional equal amount as liquidated damages, plus their attorneys fees and costs.

31. While the exact number of members of the FLSA Class is unknown to Plaintiff at the present time, Plaintiff believes that at least 75 similarly situated persons are or have been employed by Defendant as Auto Damage Appraisers in Massachusetts and other states

since July 21, 2001.  Thus, a collective action is the most efficient mechanism for resolution of the claims of the FLSA Class.

32.    In addition, an action under 29 U.S.C. §216(b) is superior to other available methods for the fair and efficient adjudication of this controversy since the damages suffered by individual members of the FLSA Class may be relatively small, and the expense and burden of individual litigation would make it impossible for such persons individually to redress the wrongs done to them.  Further, because of the similarity of the FLSA Class Members' claims, individual actions would present the risk of inconsistent adjudications subjecting Defendant to incompatible standards of conduct.

33.    Annexed hereto as Exhibit 1 is a written consent to the filing of this Complaint duly executed by the Plaintiff pursuant to 29 U.S.C. §216(b).

34.    Plaintiff is currently unaware of the identities of all the members of the FLSA Class.  Accordingly, Defendant should be required to provide to the Plaintiff a list of all persons employed by Defendant as Auto Damage Appraisers since July 21, 2001, stating their last known addresses and telephone numbers, so that Plaintiff can give such persons notice of the pendency of this action and an opportunity to make an informed decision about whether to participate in it.

### Count II
### Massachusetts Law Class Action Claim For Unpaid Overtime
### Pursuant to M.G.L. c. 151, §§1A and 1B

35.     Plaintiff hereby incorporates and realleges the allegations contained in paragraphs 1 through 34, above.

36.     In this Count, Plaintiff brings a separate cause of action pursuant to Fed. R. Civ. P. 23 on behalf of all persons who worked for Defendant as Auto Damage Appraisers in Massachusetts between July 21, 2002 and the date of trial or resolution of this action (the "Rule 23 Overtime Class Period").

37.     Since at least the 1960's, it has been the public policy and law of the Commonwealth of Massachusetts, that ". . . no employer in the commonwealth shall employ any of his employees . . . for a work week longer than 40 hours, unless such employee receives compensation for his employment in excess of 40 hours at a rate not less than one and one-half times the regular rate at which he is employed. . . ." (Mass. Gen. Laws, Ch. 151, §1A).

38.     Mass. Gen. Laws Ch. 151, §1B provides that employers who willfully or with reckless indifference to the rights of their employees fail to pay the overtime wages required by Ch. 151, §1A shall be liable in a civil action brought by an aggrieved employee for three times the unpaid overtime wages owed by the employer.

39.     During the Rule 23 Class Period, Defendant has violated Massachusetts law by failing to pay Plaintiff time and one-half his regular rate of pay for all hours in excess of 40 hours which he worked within a workweek.

40. Pursuant to Fed. R. Civ. P. 23, Plaintiff brings this claim under Massachusetts law on behalf of himself and on behalf of all others employed by the Defendant as Auto Damage Appraisers in Massachusetts during the Rule 23 Overtime Class Period. Plaintiff and all such similarly situated persons are hereinafter referred to jointly as "the Massachusetts Overtime Class" or "the members of the Massachusetts Overtime Class." The members of the Massachusetts Overtime Class are similarly situated because they all have the same responsibilities and authority and perform the same basic duties, and are all subject to Defendant's common policy and practice, implemented throughout the Commonwealth of Massachusetts, of wrongfully classifying Auto Damage Appraisers as exempt from the provisions of M.G.L. c. 151, §1A.

### Jurisdiction

41. This Court has jurisdiction over Count II pursuant to 28 U.S.C §1367.

### Massachusetts Overtime Claim Allegations

42. The duties, responsibilities, authority and activities of the Massachusetts Overtime Class were essentially the same as the duties, responsibilities, authority and activities of the Plaintiff described above. At all times during the Rule 23 Class Period, all members of the Massachusetts Overtime Class were paid in the same manner and under the same standard employment procedures and practices as the Plaintiff.

43. The Plaintiff and the members of the Massachusetts Overtime Class were all subject to the same unlawful policy or plan of Defendant under which they were classified

as exempt from the provisions of M.G.L. c. 151, §1A, despite the fact that such persons were assigned duties inconsistent with exempt status.

44. During the Rule 23 Class Period, Defendant was aware of the duties, responsibilities, authority and activities performed by the Plaintiff and the Massachusetts Overtime Class throughout the Commonwealth of Massachusetts. Defendant also was fully aware that such responsibilities, authority, duties and activities of Plaintiff and the members of the Massachusetts Overtime Class were inconsistent with exempt status, and that such persons were and are not exempt from the overtime provisions of M.G.L. c. 151, §1A.

45. By its conduct, as set forth herein, the Defendant violated M.G.L. c. 151, §1A by failing to pay Plaintiff and the Massachusetts Overtime Class time and one-half their regular hourly rates for hours worked in excess of 40 hours during a workweek.

46. The Defendant's violations of M.G.L. c. 151, §1A were repeated, willful and intentional.

47. The Plaintiff and the members of the Massachusetts Overtime Class have been damaged by said violations of M.G.L. c. 151, §1A.

48. Pursuant to M.G.L. c. 151, §§1A and 1B, Defendant is liable to the Plaintiff and the members of the Massachusetts Overtime Class for three times their unpaid overtime compensation, plus the attorneys fees and costs of the Plaintiff and members of the Massachusetts Overtime Class.

## Class Action Allegations

49. Plaintiff is currently unaware of the identities of all the members of the Massachusetts Overtime Class. On information and belief, at least 75 persons have worked for Defendant as Auto Damage Appraisers in Massachusetts in locations across the Commonwealth during the Rule 23 Class Period and would therefore be members of the Massachusetts Overtime Class. For this reason, joinder of all members of the Massachusetts Overtime Class would be impracticable.

50. There are numerous common questions of both law and fact, such as the extent of the responsibilities and authority and the duties of members of the Massachusetts Overtime Class and whether such responsibilities, authority and duties are inconsistent with exempt status under M.G.L. c. 151, §1A.

51. The claims of the Plaintiff are typical of the claims of the Massachusetts Overtime Class because each such Class Member was unlawfully classified as exempt from the overtime laws while having the same job responsibilities, authority and duties, which were inconsistent with exempt status. Defendant's defense that the members of the Massachusetts Overtime Class were correctly classified as exempt will be the same for each individual and will not turn on any individual differences in such persons' job duties.

52. The Plaintiff is represented by counsel experienced in class action litigation and, in particular, in litigating claims under Massachusetts overtime statutes. With the advice of such counsel, Plaintiff will fairly and adequately protect the interests of the Massachusetts Overtime Class.

53. The prosecution of separate actions against the Defendant under Massachusetts law would create a risk of inconsistent or varying adjudications with respect to individual members of the Massachusetts Overtime Class which would establish incompatible standards of conduct for the Defendant. In addition, adjudications with respect to individual members of the class could as a practical matter be dispositive of the interests of the other members of the Massachusetts Overtime Class not parties to such adjudications, or could substantially impede or impair their ability to protect their interests.

54. Questions of law or fact common to the members of the Massachusetts Overtime Class predominate over any questions affecting only individual Massachusetts Overtime Class Members. A class action is therefore superior to other available methods for the fair and efficient adjudication of the controversy. All of the facts material to resolving the common legal question of whether exemption from the Massachusetts overtime laws was appropriate are common to all members of the Massachusetts Overtime Class. Facts not common to the Massachusetts class are not material to resolving the common legal question of whether Defendant's exempt classification of the Massachusetts Overtime Class was correct. Common issues predominate over any individual questions. There will be no difficulty in managing Count II as a class action.

### Count III
### Massachusetts Law Class Action Claim
### Pursuant to M.G.L. c. 149, §§148 and 150

55. Plaintiff hereby incorporates and realleges the allegations contained in paragraphs 1 through 54, above.

56.     In this Count, Plaintiff brings a separate cause of action pursuant to Fed. R. Civ. P. 23 on behalf of all persons who worked for Defendant as Auto Damage Appraisers in Massachusetts between July 21, 2001 and the date of trial or resolution of this action (the "Rule 23 Wage and Hour Class").

57.     M.G.L. c. 149, §148 provides that an employer must pay wages earned by an employee within six days of the termination of the pay period during which the wages were earned.  M.G.L. c. 149, §150 provides that any employee aggrieved by a violation of §148

> may, at the expiration of ninety days after the filing of a complaint with the Attorney General, or sooner, if the Attorney General assents in writing, and within three years of such violation, institute and prosecute in his own name and on his own behalf, or for himself and for others similarly situated, a civil action for injunctive relief and any damages incurred, including treble damages for any loss of wages and other benefits.  An employee so aggrieved and who prevails in such an action shall be entitled to an award of the costs of the litigation and reasonable attorneys' fees.

58.     During the Rule 23 Wage and Hour class period, Defendant has violated Massachusetts law by failing to pay Plaintiff overtime compensation owed to him within six days after the termination of the pay period during which the wages were earned.

59.     Pursuant to Fed. R. Civ. P. 23, Plaintiff brings this claim under Massachusetts law on behalf of himself and on behalf of all others employed by the Defendant as Auto Damage Appraisers in Massachusetts during the Rule 23 Wage and Hour class period.  Plaintiff and all such similarly situated persons are hereinafter referred to jointly as "the Massachusetts Wage and Hour Class" or "the members of the Massachusetts Wage and Hour

Class." The members of the Massachusetts Wage and Hour Class are similarly situated because Defendant failed to pay all of them overtime compensation due to each of them within six days of the termination of the pay period during which such overtime wages were earned.

60. By letter dated November 29, 2004 the Massachusetts Attorney General assented in writing to a request by Plaintiff that he be allowed to institute and prosecute this action on behalf of himself and all others similarly situated.

### Jurisdiction

61. This Court has jurisdiction over Count III pursuant to 28 U.S.C. §1367.

### Massachusetts Wage and Hour Claim Allegations

62. Defendant failed to pay any member of the Massachusetts Wage and Hour Class any overtime earned by such class members at any time during the Massachusetts Wage and Hour class period. By reason thereof, Defendant violated M.G.L. c. 149, §148 by failing to pay them all wages they earned within six days of the end of the pay period in which such wages were earned.

63. The Plaintiff and members of the Massachusetts Wage and Hour Class have been damaged by Defendant's violations of M.G.L. c. 149, §148.

64. Pursuant to M.G.L. c. 149, §150, Defendant is liable to the Plaintiff and the members of the Massachusetts Wage and Hour Class for three times their unpaid overtime compensation, plus the attorneys' fees and costs of the Plaintiff and the members of the Massachusetts Wage and Hour Class.

**Class Action Allegations**

65.     Plaintiff is currently unaware of the identities of all the members of the Massachusetts Wage and Hour Class.  On information and belief, at least 75 persons have worked for Defendant as Auto Damage Appraisers in Massachusetts in locations across the Commonwealth during the Rule 23 Wage and Hour Class Period and would therefore be members of the Massachusetts Wage and Hour Class.  For this reason, joinder of all members of the Massachusetts Wage and Hour Class would be impracticable.

66.     If, as Plaintiff alleges in Counts I and II of this Complaint, Defendant unlawfully failed to pay its Auto Damage Appraisers working in Massachusetts overtime compensation to which they are entitled, each such person has a cause of action under M.G.L. c. 149, §150 to recover treble those unpaid damages.  The claims of the Plaintiff and any such member of the Massachusetts Wage and Hour Class are identical.  Any defense offered by the Defendant will be the same as to each member of the Massachusetts Wage and Hour Class.

67.     The Plaintiff is represented by counsel experienced in class action litigation and, in particular, in litigating claims under Massachusetts overtime statutes. With the advice of such counsel, Plaintiff will fairly and adequately protect the interests of the Massachusetts Wage and Hour Class.

68.     The prosecution of a separate action against the Defendant under M.G.L. c. 149, §150 would create a risk of inconsistent or varying adjudications with respect to individual members of the Massachusetts Wage and Hour Class which could establish

incompatible standards of conduct for the Defendant. In addition, adjudications with respect to individual members of the Massachusetts Wage and Hour Class could, as a practical matter, be dispositive of the interests of the other members of the Massachusetts Wage and Hour Class not parties to such adjudications, or could substantially impede or impair their ability to protect their interests.

69. Questions of law or fact common to the members of the Massachusetts Wage and Hour Class predominate over any questions affecting only individual Massachusetts Wage and Hour Class Members. A class action is therefore superior to other available methods for the fair and efficient adjudication of the controversy. All of the facts material to resolving the common legal question as to whether Defendant has violated M.G.L. c. 149, §148 by failing to make timely payment of compensation to Plaintiff and the members of the Massachusetts Wage and Hour Class are the same. Facts not common to members of the Massachusetts Wage and Hour Class are not material to resolving the common legal question of whether Defendant's failure to pay overtime compensation to said members of the Massachusetts Wage and Hour Class on a timely basis was in violation of M.G.L. c. 149, §148. Common questions predominate over any individual questions. There will be no difficulty in managing Count III as a class action.

## Claims for Relief

WHEREFORE, Plaintiff respectfully requests that the Court:

A. Declare Count I of this action to be maintainable as a collective action pursuant to 29 U.S.C. §216(b), and direct the Defendant to provide to the Plaintiff a list of all persons

employed by it as Auto Damage Appraisers during the FLSA Class Period, including the last known address and telephone number of each such person, so that Plaintiff can give such persons notice of this action and an opportunity to make an informed decision about whether to participate in it;

  B. Determine the damages sustained by the Plaintiff and the members of the FLSA Class as a result of Defendant's violations of 29 U.S.C. §207(a), and award those damages against the Defendant and in favor of Plaintiff and all members of the FLSA Class, plus an additional equal amount as liquidated damages pursuant to 29 U.S.C. §216(b), and such pre-judgment interest as may be allowed by law;

  C. Award Plaintiff and the members of the FLSA Class their costs and disbursements of this suit, including, without limitation, reasonable fees attorneys', accountants' and experts' fees;

  D. Grant Plaintiff and the members of the FLSA Class such other and further relief as the Court may deem just and proper;

  E. Declare Count II of this action, brought on behalf of the Massachusetts Overtime Class, to be maintainable as a class action pursuant to Fed. R. Civ. P. 23;

  F. Determine the damages sustained by the Plaintiff and the members of the Massachusetts Overtime Class as a result of Defendant's violations of M.G.L. c. 151, §1A , and award those damages against the Defendant and in favor of Plaintiff and all members of the Massachusetts Overtime Class, trebled pursuant to M.G.L. 151, §1A and §1B, together with such prejudgment interest as may be allowed by law;

G. Award Plaintiff and the members of the Massachusetts Overtime Class their costs and disbursements of this suit, including, without limitation, reasonable attorneys', accountants' and experts' fees;

H. Grant Plaintiff and the members of the Massachusetts Overtime Class such other and further relief as the Court may deem just and proper

I. Declare Count III of this action, brought on behalf of the Massachusetts Wage and Hour Class, to be maintainable as a class action pursuant to Fed. R. Civ. P. 23;

J. Determine the damages sustained by the Plaintiff and the members of the Massachusetts Wage and Hour Class as a result of Defendant's violations of M.G.L. c. 149, §148 and award those damages against the Defendant and in favor of Plaintiff and all members of the Massachusetts Wage and Hour Class, trebled, pursuant to M.G.L. c. 149, §150, together with such prejudgment interest as may be allowed by law;

K. Award Plaintiff and the members of the Massachusetts Wage and Hour Class their costs and disbursements of the suit, including without limitation reasonable attorneys', accountants' and experts' fees; and

L. Grant Plaintiff and the members of the Massachusetts Wage and Hour Class such other and further relief as the Court may deem just and proper.

PLAINTIFF DEMANDS A TRIAL BY JURY ON ALL CLAIMS SO TRIABLE.

                      Submitted by the attorneys for the Plaintiff and the Class,

                      /s/ Thomas V. Urmy, Jr.
                      Thomas V. Urmy, Jr. (BBO #506620)
                      Todd S. Heyman (BBO #643804)
                      SHAPIRO HABER & URMY LLP
                      53 State Street
                      Boston, MA 02109
                      (617) 439-3939